IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HANOVER INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1248-SMY-RJD |
| | ) | |
| MORTHLAND INSTITUTION OF HIGHER | ) | |
| LEARNING, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This is a declaratory judgment action involving an insurance coverage dispute filed by Hanover Insurance Company ("Hanover") against Morthland Institution of Higher Learning ("Morthland"). Soon after filing its Complaint, Hanover filed an ex parte motion asking the Court to seal its complaint and the exhibits thereto. Hanover explains that its complaint attaches commercially sensitive exhibits and quotes extensively from the same, including Morthland's policy application and Department of Education ("DOE") Claim letter. Morthland has not entered an appearance in this case and, as such, has not responded to Hanover's motion.

The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). "Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). Indeed, "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view … unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701

(7th Cir. 2010). The "right of public access … enable[s] interested members of the public … to know who [is] using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (chambers opinion). Courts recognize limited matters subject to seal, including trade secrets and other confidential commercial information. *See United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015), *rev'd on other grounds*, *United States ex rel. Nelson v. Sanford-Brown, Ltd.*, 136 S. Ct. 2506 (2016); Fed. R. Civ. P. 26(c)(1)(G). If material may be subject to seal, then the court weighs two competing interests: "the moving party's interest in privacy and the public's interest in transparency." *Sanford-Brown*, 788 F.3d at 712. A court may shield a document or portion thereof from the public only if there is good cause to do so. *See, e.g., Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009).

    Here, Hanover asks that the Court seal Morthland's insurance application attached to the complaint. Hanover explains that such application contains potentially confidential information about Morthland's business operation unique to it as a private college. In particular, Morthland's application provides information regarding its students, financial revenues, safety and security, property, general liability, facility use, programs, sexual misconduct liability, educators' liability, policies and procedures, and employment practices and terminations. The Court has reviewed Morthland's application and finds that although it references the above-mentioned topics, it does not provide significant details concerning the same. Accordingly, the Court finds the insurance application does not include commercial information or trade secrets that would warrant an allowance to file under seal. Further, even if such information did constitute trade secrets or commercially sensitive information, the Court finds that the public's interest in transparency outweighs Morthland's interest (which it has not acted to protect on its own behalf) in privacy.

Hanover also asks to seal a letter from the United States Department of Education ("DOE") to Morthland as well as the complaint as it quotes extensively from the DOE Letter. Hanover explains that the DOE Letter alleges various violations under federal statutes by Morthland that could potentially be damaging to Morthland and its ability to compete and operate as an institution of higher learning. Hanover indicates it is not aware if the DOE Letter is currently in the public domain. The Court has reviewed the DOE Letter and finds it references information that may constitute confidential commercial information concerning Morthland's business practices. Moreover, it appears that the DOE Letter is not a final opinion or order subject to public inspection (by way of a FOIA request). Rather, it appears there is an ongoing investigation and/or negotiation concerning the subject matter of the DOE Letter and the DOE has not issued its final opinion on this matter. Because of the content and the current circumstances related to the DOE Letter, the Court finds good cause to allow the DOE Letter to remain under seal at this time. However, the Court is not inclined to allow the entirety of Hanover's complaint to remain under seal. Indeed, only those portions of the complaint that directly quote from the DOE Letter (¶¶ 21-22, 24, 27-32) shall be allowed to remain under seal.

For the reasons stated above, Hanover's Motion to Seal a Complaint for Declaratory Judgment and Exhibits to the Complaint (Doc. 3) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to unseal this matter. The Clerk of Court is further directed to place Hanover's complaint (Doc. 2) and Exhibit B to Hanover's complaint under seal (Doc. 2-2). Hanover is **ORDERED** to file in the public docket a redacted version of the complaint by **July 18, 2018**. The following paragraphs of the complaint shall be redacted: 21, 22, 24, 27, 28, 29, 30, 31, and 32.

**IT IS SO ORDERED.**

**DATED: July 11, 2018**

                                                 *s/ Reona J. Daly*
                                                 **Hon. Reona J. Daly**
                                                 **United States Magistrate Judge**