IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HANOVER INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-1248-SMY-RJD ) |
| MORTHLAND INSTITUTE OF HIGHER LEARNING, | ) ) ) ) |
| Defendants. | ) |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Hanover Insurance Company's ("Hanover") Motion for Default Judgment as to Declaratory Relief (Doc. 21). Hanover filed this action against Morthland Institution of Higher Learning ("Morthland") seeking a declaration that it was not required to defend and indemnify Morthland for a claim made by the United States Department of Education ("DOE") seeking over $2 million in fines.[1] Morthland was served with summons and a copy of the Complaint on January 23, 2018 and its responsive pleading was due by February 13, 2018 (Doc. 10). However, Morthland failed to answer or otherwise plead to the Complaint by the deadline and the Clerk of Court entered default on February 16, 2018 (Doc. 13).

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs.,*

---

[1] The DOE no longer is pursing a claim against Morthland (Doc. 18). This matter is not moot, however, because Morthland still incurred defense costs in relation to the DOE action and had not withdrawn its demand for indemnification (*Id.*).

*Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

According to the Complaint and attachments, Hanover issued a Commercial Line Policy to Morthland which provided a Schools and Educators Legal Liability coverage (Doc. 2-1, pp. 247-260; Doc. 2, p. 3). The coverage included a defend and indemnity clause in which Hanover agreed to pay any "'loss' due to a 'claim' arising out of an 'educators wrongful act' to which this insurance applies" (*Id.*). Loss, as the term is used in the Policy, does not include "punitive damages, exemplary damages, multiplied damages, taxes, fines or penalties imposed by law" (*Id.* 4). Additionally, the Policy excludes any "claim" related to embezzlement, misuse, misappropriation or breach of fiduciary duty in the handling or managing of public and/or private monies, investments, or employee benefit programs" (*Id.* 4). Finally, the Policy excludes coverage for "[a]ny Claim based on or arising out of acts, errors, or omissions by any person in a fiduciary capacity, as a trustee, director, officer or in any similar capacity" (*Id.* 5-6).

On August 22, 2017, the DOE issued a letter to Morthland, instituting a "fine action" in excess of $2 million for Morthland's violation of regulations governing the distribution of Title IV of the Higher Education Act of 1965 funds (Doc. 2-2, pp. 1-17). The letter alleges a "dereliction of fiduciary duty" for illegally distributing funds to ineligible students, retaining unearned funds, inflating costs of attendance, and mishandling student credit accounts (*Id.*). The letter also states that Morthland is no longer eligible for Title IV funds for failing to provide adequate courses, contracting with non-Title IV eligible organizations, and failing to maintain financial

responsibility (*Id.*). Morthland submitted a Notice of Occurrence/Claim to Hanover with respect to the DOE letter on August 30, 2017 (Doc. 2-3, pp. 1-4).

An insurer's duty to defend is determined by comparing the allegations in the underlying Complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc*., 566 F.3d 689, 694 (7th Cir. 2009). If any portion of the lawsuit potentially falls within the scope of the coverage, the insurer is obligated to defend. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.,* 860 N.E.2d 307, 315 (2006). An insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.* An insurer's duty to defend is broader than its duty to indemnify. *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 688 (7th Cir. 2008).

The "School and Educators Legal Liability Coverage Part" excludes Morthland's claim for defense because the DOE's fine is specifically excluded from the definition of "loss" in the policy. The "claim" made by the DOE is for a breach of fiduciary duties under controlling regulations which also is excluded by the policy. Thus, Hanover has no duty to defend Morthland from the claims made by the DOE. Moreover, as the duty to indemnify is triggered only in circumstances of actual coverage, Hanover also has no duty to indemnify. See, *Momence Meadows*, 566 F.3d at 693.

**Conclusion**

The foregoing reasons, the Motion for Default Judgment is **GRANTED** (Doc. 21). A **DECLARATORY JUDGMENT** is entered in favor of Hanover as follows:

1. Hanover does not have a duty to defend or indemnify Morthland under the Schools and Educators Legal Liability Coverage Part for the DOE claim as set forth in its August 22, 2017 letter.

**IT IS SO ORDERED.**

**DATED: November 8, 2019**

**STACI M. YANDLE**
**United States District Judge**